After an Opinion and Award was filed on 31 August 1999 by Deputy Commissioner William C. Bost, plaintiff gave notice of appeal by letter dated 23 September 1999, which was not received by the Commission until 27 September 1999. Plaintiff did not file a motion for reconsideration. Furthermore, plaintiff did not file a Form 44, Application for Review, or a brief to the Full Commission. As a result, defendant filed a motion to dismiss pursuant to N.C.G.S. 97-85 and cited plaintiffs failure to file a notice of appeal within 15 days as required under the statute.
In the event of excusable neglect on the part of the plaintiff, the Full Commission has the discretion to grant relief from untimely failure to file. However, in the instant case, plaintiff has failed to show any grounds for excusable neglect as a matter of law. Furthermore, plaintiff did not file a Form 44 and did not provide adequate notice of his grounds for appeal in accordance with Rule 701. Although plaintiff is now unrepresented, lack of representation is not excusable neglect per se.
In view of the foregoing, plaintiffs appeal was not timely filed and there has been no showing of excusable neglect. Therefore, the Full Commission has no alternative but to dismiss this case with prejudice. N.C.G.S. 97-85 and Moore v. City of Raleigh, ___ N.C. App. ___, (COA98-1297) (1999).
However, assuming arguendo that excusable neglect was shown or that somehow the appeal was timely filed, the undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost and the arguments of defense counsel. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff and defendant on 18 April 1997.
3. Plaintiffs average weekly wage was $375.26 on 18 April 1997.
4. In addition to the foregoing, 205 pages of stipulated exhibits were received into evidence.
 ***********
The Full Commission adopts the findings of fact of the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a fifty-one year old male with a high school education. He retired from the United States Army in 1994. He was employed by defendant as a Food Service Assistant Supervisor from June 1995 to January 1997. He became a housekeeping assistant in January 1997 and was working as such on 18 April 1997.
2. Plaintiffs duties included emptying trash, mopping floors and loading and unloading large metal carts and taking them from one area to another.
3. Plaintiff testified at the hearing before the Deputy Commissioner that he twisted his knee when he slipped on a wet spot while pushing a linen cart at work on 18 April 1997. He further testified that he felt stiffness and tightness, but no pain, in his knee at the time of his alleged accident.
4. Plaintiff gave a recorded statement regarding this matter on 16 May 1997. Plaintiff indicated in that statement that he was unsure exactly when and how his alleged injury took place. Plaintiff further stated that, prior to his alleged injury on 18 April 1997, he had never had any previous injuries or discomfort in his knee and that he had no history of arthritis or diabetes.
5. Plaintiff did not report any injury to anyone at work on the evening of 18 April 1997. Plaintiff testified that there was no one present at the hospital to which he could report his alleged injury, as he was alone in the emergency room that evening. However, Lawrence Woods, plaintiffs supervisor, testified that he and another employee, Willis Burgess, worked with plaintiff in the emergency room that evening.
6. Plaintiff finished his shift that evening. Furthermore, plaintiff testified that he was pain-free for the remainder of that evening of 18 April 1997. On 20 April 1997, plaintiff presented to Womack Army Hospital complaining of knee pain and he provided a history of knee pain since 1981. Plaintiff indicated that at that time he had been on a trip over the weekend and had returned pain-free. He told the Womack Army Hospital doctor that he laid down for a nap and encountered severe pain across the front of his knee when he attempted to get up.
7. Lawrence Woods spoke with plaintiff on 21 April 1997 and instructed plaintiff to go to Occupational Health Services ("OHS). Mr. Woods did not recall plaintiff claiming to have injured himself at work. Mr. Woods would have noted such a statement had one been made.
8. Plaintiff presented to OHS at Cape Fear Valley Medical Center on 21 April 1997. Dr. Olson examined plaintiff who reported no twisting injury or blunt trauma. Dr. Olson noted that plaintiff had sustained a right knee strain in the past.
9. Plaintiff returned to OHS on 28 April 1997 complaining of pain in his right knee. Dr. Howard Stansberry examined plaintiff and diagnosed a right knee strain. Dr. Stansberry released plaintiff to return to work subject to restrictions of no prolonged standing or walking and no climbing, bending or stooping.
10. Thereafter, plaintiff treated with Dr. Stanley Gilbert, an orthopedist, from 19 May 1997 through 13 October 1997. Dr. Gilbert diagnosed a probable torn medial meniscus, superimposed on degenerative joint disease and synovial chondromatosis. He performed arthroscopic surgery on 9 July 1997. Plaintiff was released to return to Dr. Gilbert on an as-needed basis on 20 August 1997 with permanent work restrictions of no repetitive bending and no heavy lifting or pushing.
11. Plaintiff was treated by family practitioner Dr. Larry Kilgore from 24 February 1997 through 29 September 1997. Plaintiff presented to Dr. Kilgore on 29 April 1997 complaining of pain and swelling in his right knee. Dr. Kilgore testified in his deposition that he recalled plaintiff giving a history of sustaining a twisting injury at work; however, there is no record of this report in his notes.
12. Based on plaintiffs testimony before the Deputy Commissioner, the Deputy Commissioners observation and findings regarding plaintiffs demeanor and based on the credible testimony of record, plaintiffs recorded statement of 16 May 1997 is given greater weight than his testimony before the Deputy Commissioner,
13. Plaintiff failed to prove that there was anything unusual about his duties or his performance thereof on 18 April 1997. Accordingly, on 18 April 1997, plaintiff did not sustain an injury by accident in the course and scope of his employment as there was no interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff has failed to prove by the greater weight of the evidence that on 18 April 1997 he sustained an injury by accident arising out of and in the course of his employment with employer which resulted from an interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences. N.C.G.S. 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiffs claim is hereby and the same shall be DENIED.
2. Each side shall bear its own costs.
This the ___ day of December 2000.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING WITHOUT A WRITTEN OPINION:
S/_____________ THOMAS J. BOLCH COMMISSIONER